USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/3/2024_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN RODRIGUEZ,

                                    Plaintiff,

              -against-

WESTCHESTER COUNTY AND
OFFICER BRAVADO,

                                    Defendants.

23-cv-5265 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Kevin Rodriguez ("Rodriguez or "Plaintiff") initiated this action on June 20, 2023 (ECF No. 1), alleging deprivation of rights under 42 U.S.C. § 1983, claiming Eighth Amendment violations for excessive force and for deliberate indifference to medical needs, against Defendant Westchester County ("Westchester") and Defendant Correction Officer Bravado (together, "Defendants").

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(6). For the following reasons, Defendants' Motion to Dismiss is GRANTED.

## BACKGROUND

The following facts are derived from the Complaint and are taken as true and constructed in the light most favorable to the Plaintiff at this stage.

Plaintiff Kevin Rodriguez is a former prisoner. (Compl. p. 9.) Plaintiff alleges that during his incarceration on April 4, 2022 he was attacked by another prisoner and inappropriately restrained by a corrections officer. (*Id.*) Specifically, as Plaintiff was attempting to defend himself, Officer Bravado allegedly grabbed Plaintiff from behind, pulling Plaintiff's arm and swinging him

in a circle, causing Plaintiff to fail and to suffer injury to his rotator cuff and lower back. (*Id*.) Plaintiff states that as a result of this, the attacking prisoner was able to assault Plaintiff further. (*Id*.) Plaintiff made several requests for medical attention but was initially denied an MRI of his lower back and denied a CT scan to his head. (*Id*.) Plaintiff was eventually approved for an MRI of his shoulder but did not receive approval for an MRI of his back. (*Id*.)  Likewise, Plaintiff did not receive approval for a CT scan of his head. (*Id*.) When Plaintiff was approved for an MRI of his shoulder, he was transported to Garnet Medical Center instead of the Westchester Medical Center. (*Id*.) The MRI was only approved shortly before Plaintiff's scheduled release. (*Id.*) Plaintiff asserts that because of Officer Bravado's actions at the time of the attack and the medical facility's "neglect" and "inappropriate handling" of Plaintiff's injuries, Plaintiff has severe continual pain and continual injury to his back, shoulder, as well as severe migraine headaches. (*Id*.) Plaintiff therefore seeks compensation for his injuries and raises § 1983 claims alleging deprivation of rights in violation of the Eighth Amendment.

## PROCEDURAL HISTORY

On June 20, 2023, Plaintiff commenced this action against Defendants in his complaint (the "Complaint", ECF No. 1). Defendants filed a motion to dismiss and its memorandum of law in support (the "Motion" or "Mot.", ECF No. 24). Plaintiff filed an opposition to the Motion ("the Opposition" or "Opp.", ECF No. 25). The Defendants filed a reply affirmation in further support of the Motion (the "Reply", ECF No. 26).

## LEGAL STANDARD

### A.  Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Plaintiff brings claims pursuant to § 1983, alleging Eighth Amendment violations. Plaintiff's § 1983 claims must be dismissed.

### A. Municipal Liability

In order to "establish the liability of a municipality under § 1983 for unconstitutional acts by its employees, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy." *Powell v. Gardner*, 891 F.2d 1039, 1045 (2d Cir. 1989). A "properly pled Monell claim establishes a 'direct causal link between a municipal policy or custom and the

alleged constitutional deprivation." *Barrett v. City of Newburgh*, 720 F. App'x 29, 31 (2d Cir. 2017) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

Simply put, the Complaint contains no such allegations regarding any purported municipal custom or policy. Instead, the Complaint focuses on the April 4, 2022 attack and then the medical treatment Plaintiff did/did not receive. These two isolated occurrences do not rise to a municipal custom or policy and Plaintiff makes no claims to that end. *Escobar v. City of New York*, 766 F. Supp. 2d 415, 421 (E.D.N.Y. 2011) (noting that "*Monell*, to be sure, requires more than isolated incidents to subject the City to liability"). Thus, Plaintiff has not established municipal liability and cannot carry forward his § 1983 claim against Westchester. This claim is therefore dismissed without prejudice.

### B. Eighth Amendment Deliberate Indifference Claim

In order to state an Eighth Amendment violation claim on account of deliberate indifference, a plaintiff must allege acts or omissions demonstrating deliberate indifference to a substantial risk of harm. *Veloz v. New York*, 339 F. Supp. 2d 505, 521 (S.D.N.Y. 2004), aff'd, 178 F. App'x 39 (2d Cir. 2006). This can be evidenced by a plaintiff alleging that officials purposefully denied or delayed treatment or interfered with treatment once prescribed. *Id.*

The closest Plaintiff gets to this standard is when he alleges that he did not receive an MRI immediately after the attack wherein Plaintiff was injured. (Compl. p. 9.) Plaintiff complains that the MRI "was not scheduled immediately after the injuries were sustained" but rather that "[i]t was only approved right before [his] release was scheduled." (*Id.*) Ultimately, this is not enough; Plaintiff does not offer allegations that Westchester delayed the MRI – it was simply not scheduled as soon as Plaintiff had hoped. This is insufficient to state a deliberate indifference claim under the Eighth Amendment.

Furthermore, Plaintiff's own complaint indicates that he received treatment – the issue was that Plaintiff just disagreed as to the treatment received and the location where treatment was administered. (Compl. p. 9.) This does not constitute deliberate indifference and/or negligent medical treatment; "[w]hile prisoners have a right to medical treatment, they do not have a right to choose a specific type of treatment*." Veloz v. New York*, 339 F. Supp. 2d 505, 525 (S.D.N.Y. 2004), aff'd, 178 F. App'x 39 (2d Cir. 2006) (noting that "the Eighth Amendment is not implicated by prisoners' complaints over the adequacy of care they received when those claims amount to a disagreement over the appropriateness of a particular prescription plan"). *See also Grant v. Burroughs,* No. 96 CIV. 2753 (MGC), 2000 WL 1277592, at *5 (S.D.N.Y. Sept. 8, 2000) (prisoner denied pain medication does not have a constitutional right to treatment of his choice); *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 311-312 (S.D.N.Y. 2001) (noting that "[a] difference of opinion between a prisoner and prison officials regarding medical treatment does not, as a matter of law, constitute deliberate indifference" and that "disagreements between a prisoner and prison officials over treatment decisions fall short of" rising to an Eighth Amendment violation").

Plaintiff complains that he did not receive an MRI of his lower back and did not receive a CT scan of his head. (Compl. p. 9.) These decisions do not survive the threshold for a deliberate indifference claim. Indeed, Courts have long recognized that "disagreements over medications, diagnostic techniques (e.g., the need for X-rays) . . . are not adequate grounds for a Section 1983 claim. These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment." *Sonds*, 151 F. Supp. 2d 303, 312. Thus, Plaintiff not receiving the exact treatment he requested is immaterial to the Court's Eighth Amendment

violation analysis. Accordingly, Plaintiff's Eighth Amendment deliberate indifference claim must fail and is dismissed without prejudice.

### C. Eighth Amendment Excessive Force Claim

To plead an Eighth Amendment excessive force claim, a party must allege that (1) "the conduct was objectively harmful enough or sufficiently serious to reach constitutional dimensions," and (2) "the defendant acted with a subjectively sufficiently culpable state of mind . . . characterized by wantonness in light of the particular circumstances surrounding the challenged conduct." *Harris v. Miller*, 818 F.3d 49 (2d Cir. 2016). The test for wantonness "is whether the force was used in good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*. at 63 (quoting *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003)).

Plaintiff has failed to allege that a culpable state of mind undergirded Officer Bravado's use of force. (Compl. p. 9.) Rather, Officer Bravado's use of force appears to be proportionate to the circumstances – a violent assault by one prisoner against Plaintiff – and motivated by the need to restore order and discipline. (*Id*.) Indeed, as Officer Bravado was attempting to intervene, the prisoner continued to attack Plaintiff, further underscoring the severity of the situation and the necessity of the use of force. (*Id*.) Plaintiff alleges that Officer Bravado grabbed him from behind and "pull[ed] [his] arm and sw[ung] [him] in a circle, which caused him to fall." (*Id*.) Without more, this does not arise to the level of malicious or sadistic harm as needed to state an excessive force claim. *See Harris*, 818 F.3d 48. Accordingly, Plaintiff's excessive force claim is dismissed without prejudice.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the Defendants' motion to dismiss Plaintiff's § 1983 claims without prejudice. Plaintiff is granted leave to file an Amended Complaint by November 7, 2024. Plaintiff is advised that the Amended Complaint will replace, not supplement, the Complaint, and so any claims that he wishes to pursue must be included in, or attached to, the Amended Complaint. Should Plaintiff file an Amended Complaint, the Defendants are directed to answer or otherwise respond by November 28, 2024. If Plaintiff fails to file an Amended Complaint within the time allowed, those claims that were dismissed without prejudice shall be deemed dismissed with prejudice. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 24 and to mail a copy of this Order to the Plaintiff at the address listed on ECF and show service on the docket.

Dated:   October 3, 2024                                      SO ORDERED:
         White Plains, New York

_____
          NELSON S. ROMÁN
       United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


                    -against-


_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name              Middle Initial              Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                      Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                         State              Zip Code

Defendant 2:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                         State              Zip Code

Defendant 3:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                         State              Zip Code

Defendant 4:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                         State              Zip Code

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | | | |
|---|---|---|---|
| Dated | | Plaintiff's Signature | |

| | | | |
|---|---|---|---|
| First Name | Middle Initial | Last Name | |

Prison Address

| | | | |
|---|---|---|---|
| County, City | State | Zip Code | |

Date on which I am delivering this complaint to prison authorities for mailing: _____