UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN RODRIGUEZ,

                              Plaintiff,

             -against-

WESTCHESTER COUNTY AND
OFFICER BRAVADO,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  ___4/7/2025___

23-cv-5265 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Kevin Rodriguez ("Rodriguez or "Plaintiff") initiated this action on June 20, 2023 (ECF No. 1), alleging deprivation of rights under 42 U.S.C. § 1983, claiming Eighth Amendment violations for excessive force and for deliberate indifference to medical needs, against Defendant Westchester County ("Westchester") and Defendant Correction Officer Bravado (together, "Defendants").

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). For the following reasons, Defendants' Motion to Dismiss is GRANTED without prejudice.

## BACKGROUND

The following facts are derived from the Amended Complaint and are taken as true and constructed in the light most favorable to the Plaintiff at this stage.

Plaintiff Kevin Rodriguez is a former prisoner. (Am. Compl. p. 9.) Plaintiff alleges that during his incarceration on April 4, 2022, he was attacked by another prisoner and inappropriately restrained by a corrections officer. (*Id.*) Specifically, as Plaintiff was attempting to defend himself, Officer Bravado allegedly grabbed Plaintiff from behind, pulling Plaintiff's arm and swinging him

in a circle, causing Plaintiff to fall and to suffer injury to his rotator cuff and lower back. (*Id*.) Plaintiff states that as a result of this, the attacking prisoner was able to assault Plaintiff further. (*Id*.) Plaintiff made several requests for medical attention but was initially denied an MRI of his lower back and denied a CT scan to his head. (*Id*.) Plaintiff was eventually approved for an MRI of his shoulder but did not receive approval for an MRI of his back. (*Id*.)  Likewise, Plaintiff did not receive approval for a CT scan of his head. (*Id*.) When Plaintiff was approved for an MRI of his shoulder, he was transported to Garnet Medical Center instead of the Westchester Medical Center. (*Id*.) The MRI was only approved shortly before Plaintiff's scheduled release. (*Id.*) Plaintiff asserts that because of Officer Bravado's actions at the time of the attack and the medical facility's "neglect" and "inappropriate handling" of Plaintiff's injuries, Plaintiff has severe continual pain and continual injury to his back, shoulder, as well as severe migraine headaches. (*Id*.) Plaintiff therefore seeks compensation for his injuries and raises § 1983 claims alleging deprivation of rights in violation of the Eighth Amendment.

## PROCEDURAL HISTORY

On June 20, 2023, Plaintiff commenced this action against the Defendants in his Complaint. (ECF No. 1). On October 3, 2024, the Court issued an Opinion and Order dismissing the Complaint's claims in its entirety, granting Plaintiff leave to file an Amended Complaint (Am. Compl.") (ECF No. 31). Then, on November 7, 2024, Plaintiff filed his Amended Complaint. (ECF No. 33). The Defendants filed their motion to dismiss and memorandum of law in support on December 20, 2024 ("Mot.") (ECF No. 35). Plaintiff filed his opposition to Defendants' motion on January 13, 2025 ("Opp.") (ECF No. 36). Defendants filed their reply in further support of their motion on February 13, 2025 ("Reply") (ECF No. 37).

## LEGAL STANDARD

### A. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Section 1983

Section 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws shall be liable to the party injured." Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To assert a claim under Section 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09-CV-5446(SHS), 2013 WL 1803896, at *2 (S.D.N.Y. April 25, 2013); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Therefore, a Section 1983 claim has two essential elements: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. See *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); *Quinn v. Nassau Cty. Police Dep't*, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution.")

### C. Law of the Case Doctrine

The law of the case doctrine "holds that when a court has ruled on an issue, that decision should generally be adhered to by the court in subsequent stages unless cogent and compelling reasons militate otherwise." *Delville v. Firmenich Inc.*, 23 F. Supp. 3d 414, 425 (S.D.N.Y. 2014) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)). *See also In re Peters*, 642 F.3d 381 (2d Cir. 2011) (noting that while not binding the law-of-the-case doctrine counsels against a court revisiting prior rulings absent compelling reasons such as the need to correct a clear error or prevent manifest injustice); *In re Currency Conversion Fee Antitrust Litig.*, 264 F.R.D. 100 (S.D.N.Y. 2010) (same).

### D. *Pro Se* Pleading Standard

Where a litigant is *pro se*, the Court is empowered to consider "new facts raised in opposition papers to the extent they are consistent with the complaint, treating the new factual allegations as amending the original complaint." *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018). A Court may consider "new claims appearing for the first time in the briefing 'if the claims could have been asserted based on the facts alleged in the complaint." *Vlad-Berindan v. MTA New York City Transit*, No. 14-cv-675, 2014 WL 6982929, at *5 (S.D.N.Y. 2014) (citing *Rosado v. Herard*, No. 12-cv-8943, 2013 WL 6170631, at *3 (S.D.N.Y. 2013). Courts are to read a *pro se* litigant's papers "liberally" and "interpret them to raise the strongest argument that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 791 (2d Cir. 1994).

### DISCUSSION

Plaintiff brings claims pursuant to § 1983, alleging Eighth Amendment violations. Plaintiff's Amended Complaint copies the initial Complaint verbatim; therefore, the Court only addresses the law of the case-doctrine and why dismissal of Plaintiff's claims is again appropriate.

### A. Law of the Case Doctrine and Plaintiff's Section 1983 Claims

This Court previously dismissed Plaintiff's Section 1983 Eighth Amendment claims as pled in Plaintiff's Complaint (ECF No. 1) in its October 3, 2024, Opinion and Order. (Doc. No. 31, Op. and Order, 10/3/24, pp. 5-6). Plaintiff's Amended Complaint is an exact copy of Plaintiff's initial Complaint, containing no new factual averments in support of Plaintiff's Eighth Amendment claims. (ECF No. 33.) Plaintiff's opposition to Defendants' motion is likewise unavailing, as it only contains conclusory language and accusations against the Defendants; the opposition, rather than offer new factual allegations to support the Amended Complaint's claims, only "request[s]

that the court sanction the defendant's motion to dismiss . . . as it has become a frivolous and repetitive aimed at delaying proceedings." (Opp. p. 3.)

The Amended Complaint has offered no new allegations that would serve as a "cogent and compelling" basis for the Court to deviate from its prior ruling dismissing Plaintiff's Section 1983 claims in its entirety. *Delville*, 23 F. Supp. 3d 414 at 425 Accordingly, the Court finds that Plaintiff's Amended Complaint and opposition papers remain deficient for reasons the Court articulated in its prior opinion. The Court therefore concludes that Plaintiff has not plausibly alleged viable Section 1983 claims against the Defendants and dismisses Plaintiff's Amended Complaint in its entirety without prejudice.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the Defendants' motion to dismiss *pro se* Plaintiff's § 1983 claims without prejudice. *Pro se* Plaintiff is granted leave to file a Second Amended Complaint by June 3, 2025. *Pro se* Plaintiff is advised that the Second Amended Complaint will replace, not supplement, the Amended Complaint, and so any claims that he wishes to pursue must be included in, or attached to, the Second Amended Complaint. *Pro se* Plaintiff is advised that if his Second Amended Complaint offers no new factual averments and merely copies, as his Amended Complaint did, his initial Complaint, the Court will dismiss his claims with prejudice. Should Plaintiff file a Second Amended Complaint, the Defendants are directed to answer or otherwise respond by June 30, 2025.

If *Pro se* Plaintiff fails to file a Second Amended Complaint within the time allowed, those claims that were dismissed without prejudice shall be deemed dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 35 and to mail a copy of this Order to the *pro se* Plaintiff at the address listed on ECF and show service on the docket.

Dated:    April 7, 2025                                   SO ORDERED:
          White Plains, New York

                                          _____
                                                NELSON S. ROMÁN
                                          United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                    State                        Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                 Zip Code

Defendant 2:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                 Zip Code

Defendant 3:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                 Zip Code

Defendant 4:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                 Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |
|---|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____

UNITED STATES DISTRICT COURT                    Rev. Jan. 2012

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x


                                        **CIVIL CASE DISCOVERY PLAN**

                            Plaintiff(s),        **AND SCHEDULING ORDER**

      - against -



                            Defendant(s).    _____ CV _____ (NSR)



-------------------------------------------------------------x


  This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel,
pursuant to Fed. R. Civ. P. 16 and 26(f):


   1.    All parties [consent] [do not consent] to conducting all further proceedings before a
         Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).  The
         parties are free to withhold consent without adverse substantive consequences.  (If all
         parties consent, the remaining paragraphs of this form need not be completed.)


   2.    This case [is] [is not] to be tried to a jury.


   3.    Joinder of additional parties must be accomplished by _____.


   4.    Amended pleadings may be filed until _____.

5.      Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter.  The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.


6.      First request for production of documents, if any, shall be served no later than _____.


7.      Non-expert depositions shall be completed by _____.


        a.      Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.


        b.      Depositions shall proceed concurrently.


        c.      Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.


8.      Any further interrogatories, including expert interrogatories, shall be served no later than _____.


9.      Requests to Admit, if any, shall be served no later than _____.


10.     Expert reports shall be served no later than _____.


11.     Rebuttal expert reports shall be served no later than _____.


12.     Expert depositions shall be completed by _____.


13.     Additional provisions agreed upon by counsel are attached hereto and made a part hereof.


14.     **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15.     Any motions shall be filed in accordance with the Court's Individual Practices.

16.     This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17.     The Magistrate Judge assigned to this case is the Hon. _____.

18.     If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19.     The next case management conference is scheduled for _____, at _____.  (The Court will set this date at the initial conference.)

SO ORDERED.

Dated:  White Plains, New York

        _____

                                                        _____

                                                        Nelson S. Román, U.S. District Judge