UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/15/2025
```

KEVIN RODRIGUEZ,

                                   Plaintiff,

                -against-

WESTCHESTER COUNTY AND
OFFICER BRAVADO,

                                   Defendants.

23-cv-5265 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Kevin Rodriguez ("Rodriguez or "Plaintiff") initiated this action on June 20, 2023 (ECF No. 1), alleging deprivation of rights under 42 U.S.C. § 1983, claiming Eighth Amendment violations for excessive force and for deliberate indifference to medical needs, against Defendant Westchester County ("Westchester") and Defendant Correction Officer Bravado (together, "Defendants").

Presently before the Court is Defendants' Motion to Dismiss *Pro se* Plaintiff's Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). For the following reasons, Defendants' Motion to Dismiss is GRANTED without prejudice.

## BACKGROUND

The Court assumes familiarity with the facts in this case, as Plaintiff's Second Amended Complaint pleads no new statements of fact. *See*, *e.g., Rodriguez v. Westchester Cnty.,* No. 23-CV-5265 (NSR), 2024 WL 4390222 (S.D.N.Y. Oct. 3, 2024) and *Rodriguez v. Westchester Cnty.*, No. 23-CV-5265 (NSR), 2025 WL 1031371 (S.D.N.Y. Apr. 7, 2025)

1

**PROCEDURAL HISTORY**

On June 20, 2023, Plaintiff commenced this action against the Defendants in his Complaint. (ECF No. 1.) On October 3, 2024, the Court issued an Opinion and Order dismissing the Complaint's claims in its entirety, granting Plaintiff leave to file an Amended Complaint (Am. Compl.") (ECF No. 31.) Then, on November 7, 2024, Plaintiff filed his Amended Complaint. (ECF No. 33). Thereafter, on April 7, 2025, the Court issued an Opinion and Order dismissing the Amended Complaint in its entirety, granting Plaintiff leave to file a Second Amended Complaint. (ECF No. 38.)  Plaintiff, on May 30, 2025, filed his Second Amended Complaint, which is the operative complaint. (ECF No. 40.) The Defendants filed their motion to dismiss and memorandum of law in support on June 26, 2025 ("Mot.") (ECF Nos. 41 and 43.) Plaintiff did not file an opposition to Defendants' motion, and thus Defendants did not file a reply in further support of their motion.

**LEGAL STANDARD**

**A.  Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S.

at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Section 1983

Section 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured." Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To assert a claim under Section 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09-CV-5446(SHS), 2013 WL 1803896, at *2 (S.D.N.Y. April 25, 2013); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Therefore, a Section 1983 claim has two essential elements: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges.

3

See *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); *Quinn v. Nassau Cty. Police Dep't*, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution.")

### C.  Law of the Case Doctrine

The law of the case doctrine "holds that when a court has ruled on an issue, that decision should generally be adhered to by the court in subsequent stages unless cogent and compelling reasons militate otherwise." *Delville v. Firmenich Inc.*, 23 F. Supp. 3d 414, 425 (S.D.N.Y. 2014) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)). *See also In re Peters*, 642 F.3d 381 (2d Cir. 2011) (noting that while not binding the law-of-the-case doctrine counsels against a court revisiting prior rulings absent compelling reasons such as the need to correct a clear error or prevent manifest injustice); *In re Currency Conversion Fee Antitrust Litig.*, 264 F.R.D. 100 (S.D.N.Y. 2010) (same).

### D.  *Pro Se* Pleading Standard

Where a litigant is *pro se*, the Court is empowered to consider "new facts raised in opposition papers to the extent they are consistent with the complaint, treating the new factual allegations as amending the original complaint." *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018). A Court may consider "new claims appearing for the first time in the briefing 'if the claims could have been asserted based on the facts alleged in the complaint." *Vlad-Berindan v. MTA New York City Transit*, No. 14-cv-675, 2014 WL 6982929, at *5 (S.D.N.Y. 2014) (citing *Rosado v. Herard*, No. 12-cv-8943, 2013 WL 6170631, at *3 (S.D.N.Y. 2013). Courts are to read a *pro se* litigant's papers "liberally" and "interpret them to raise the strongest argument that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 791 (2d Cir. 1994).

**DISCUSSION**

Plaintiff brings claims pursuant to Section 1983, alleging Eighth Amendment violations, as well as a state law claim of negligence. The Court addresses them in turn.

**A. Law of the Case Doctrine and Plaintiff's Section 1983 Claims**

This Court previously dismissed Plaintiff's Section 1983 Eighth Amendment claims as pled in Plaintiff's Complaint (ECF No. 1) in its October 3, 2024, Opinion and Order. (ECF No. 31, Op. and Order, 10/3/24, pp. 5-6); the Court again dismissed Plaintiff's Eighth Amendment claims as pled in Plaintiff's First Amended Complaint (ECF No. 33) in its April 7, 2025, Opinion and Order. (ECF No. 38, Op. and Order, 4/7/25, pp. 5-6).

Plaintiff's Second Amended Complaint does not offer the Court new allegations in support of Plaintiff's Eighth Amendment claims. (ECF No. 40.) By extension, the Second Amended Complaint provides no new information that could serve as a "cogent and compelling" basis for the Court to deviate from its prior ruling dismissing Plaintiff's Eighth Amendment claims in their entirety. *Delville*, 23 F. Supp. 3d 414 at 425. Therefore, the Court finds that Plaintiff's Second Amended Complaint fails to plausibly allege as a basis for relief Eighth Amendment claims against the Defendants and dismisses Plaintiff's Eighth Amendment claims without prejudice.

**B. State Law Claims**

Plaintiff appears to fashion a state law negligence claim in his Second Amended Complaint. (*See* Second Am. Compl.) Because Plaintiff's Section 1983 claims – the only claims over which the Court has original jurisdiction – must be dismissed, the Court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c) (a district court "may decline to exercise supplemental jurisdiction over a claim" if it "has dismissed

all claims over which it has original jurisdiction"). Thus, Plaintiff's state law claim of negligence

is dismissed without prejudice to recommence in state court.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendants' motion to dismiss *pro se*

Plaintiff's Section 1983 claims and negligence claim without prejudice. *Pro se* Plaintiff is granted

leave to file a Third Amended Complaint by August 15, 2025. *Pro se* Plaintiff is advised that the

Third Amended Complaint will replace, not supplement, the Second Amended Complaint, and so

any claims that he wishes to pursue must be included in, or attached to, the Third Amended

Complaint. *Pro se* Plaintiff is advised that if his Third Amended Complaint must offer new factual

allegations – new factual information that is not already included in his Second Amended

Complain, otherwise the Court will dismiss his claims with prejudice. Should Plaintiff file a Third

Amended Complaint, the Defendants are directed to answer or seek leave to otherwise respond by

September 12, 2025.

If *Pro se* Plaintiff fails to file a Third Amended Complaint within the time allowed, those

claims that were dismissed without prejudice shall be deemed dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 41 and to

mail a copy of this Order to the *pro se* Plaintiff at the address listed on ECF and show service on

the docket.

Dated:    July 15, 2025                                      SO ORDERED:
          White Plains, New York

                                        _____
                                             NELSON S. ROMÁN
                                         United States District Judge

6